UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

| | |
|---|---|
| IN RE: | CASE NO. 19-51291 |
| GIGA ENTERTAINMENT MEDIA, INC. | CHAPTER 7 |

NOTICE OF (A) SALE AND OPPORTUNITY TO BID
AND (B) SALE HEARING

**PLEAST TAKE NOTICE** that, upon the motion of James D. Lyon, as Trustee ("Trustee") of the Bankruptcy Estate of Giga Entertainment Media, Inc. ("Debtor") for entry of an order (A) Authorizing Sale of Assets pursuant to 11 U.S.C. § 363 and (B) Establishing Sale Procedures and Bidding Protections, Approving Notice of Sale and Setting Sale Hearing Date (the "Sale Motion"), a hearing to approve the sale (the "Sale") described below has been scheduled for December 12, 2019, at the hour of 9:30 a.m. at the United States Bankruptcy Court, 100 East Vine Street, Third Floor Courtroom, Lexington, Kentucky 40507.

**PLEASE TAKE FURTHER NOTICE** that:

1. **Purchase Agreement for Sale of Property.** On October 29, 2019, the Trustee and GLB2019, LLC ("Proposed Buyer") entered into an Asset Purchase Agreement (the "APA") for the sale (the "Sale") of substantially all of the assets of the Debtors (the "Purchased Assets"). A complete list of the Purchased Assets is set forth in detail in the APA.

2. **Purchase Price.** The purchase price (the "Purchase Price") to be paid by the Proposed Buyer to the Trustee for the Purchased Assets shall be an amount equal to $20,000.

3. **Disclaimer**. Competing bids are subject to the requirements, limitations and procedures (the "Bidding Procedures") set forth herein, which bidding procedures were approved by order of the Court (the "Sale Procedures Order").

4.     **The Bidding Procedures.**  The Bidding Procedures are as follows:

(a)     In order to participate in the sale process, a person interested in acquiring the Purchased Assets must first deliver to the Trustee: (i) an executed non-disclosure and confidentiality agreement that is satisfactory to the Trustee; (ii) a statement and other factual support demonstrating to the Trustee's reasonable satisfaction (i) the identity of each Person that will be bidding for the Purchased Assets, (ii) the terms of any such participation, (iii) if any entity has been formed for the purpose of acquiring the Purchased Assets, the parties that will bear liability for any breach by such entity, and the financial capacity of such parties to satisfy such liability; and, that the Person has a *bona fide* interest in acquiring the Purchased Assets; and (iii) preliminary proof by the Person of its financial capacity to close a proposed Sale Transaction, which may include current unaudited or verified financial statements of, or verified financial commitments obtained by, the Person, the adequacy of which the Trustee will determine;

(b)     A "Competing Bidder" is any Person who fully complies with the requirements of section a directly above to the satisfaction of the Trustee.  Additionally, the Purchaser shall automatically be deemed a Competing Bidder;

(c)     On or before November 29, 2019, the Trustee shall disclose the identity of any Competing Bidders to Purchaser, and is authorized (but not required) to disclose proof of any Competing Bidder's financial capacity to Purchaser;

(d)     Competing Bidders, if any, shall have through and including December 6, 2019 to conduct due diligence in respect to the Purchased Assets, and any information the Trustee provides to a Competing Bidder shall be made available to Purchaser simultaneously;

(e)     Competing bids, if any, must (i) be in an amount in excess of the Purchase Price and the Break-Up Fee; (ii) be in writing and received by Trustee on or before 5:00 p.m. (ET) on Monday, December 9, 2019 (the "Bid Deadline"); (iii) be accompanied by a signed asset purchase agreement clearly disclosing any changes from the terms of this Agreement and which does not alter the definition of the Purchased Assets; (iv) acknowledge and agree that the Purchased Assets are being sold "as-is, where-is"; (v) be irrevocable; and, (vi) be accompanied by proof that the full amount of the competing bid has been deposited with either Trustee or counsel for the Competing Bidder;

(f)     In the event the Trustee receives one or more Competing Bids by the Bid Deadline, the shall conduct an auction (the "Auction"), to be conducted at a location designated by the Trustee on December 10, 2019, and Trustee shall seek Bankruptcy Court approval of the highest and best bid at the Bankruptcy Court's December 12, 2019 hearing date.  Competing Bidders designate a representative to attend the Auction in person, who shall have full authority to approve any subsequent bids and decide any issues which may arise during the Auction. At the start of the Auction, the Trustee shall disclose the highest and best bid to the Competing Bidders and solicit additional bids. Subsequent bids shall be at least $1,000 more than the prior highest bid, and Competing Bidders shall provide proof of financial ability to pay a subsequent bid in full upon request of Trustee. Trustee may decline to accept bids from any Competing Bidder who

does not provide proof of financial ability to fully pay a bid, in his sole discretion. Upon conclusion of the bidding, the Trustee shall announce the identity of the Bidder and amount of the Successful Bid to all Competing Bidders. Upon conclusion of the Auction and proof of ability to fully pay the Success Bid, but no later than December 11, 2019, the Trustee shall file a Report of Auction and request to approve the Sale with the Bankruptcy Court.

(g)     The Proposed Buyer has consented to participate in the Auction as the initial bidder or "stalking horse" subject to the Bidding Protections; and

(h)     If no Qualified Bid (other than Proposed Buyer's) is received by the Bid Deadline, the APA shall be the highest or best Qualified Bid, and the Trustee will seek approval of and authority to consummate the sale contemplated by the APA.

5.     **Non-Conforming Bids**. Bids that do not conform to the terms of the Purchase Agreement and/or the procedures set forth in the Sale Procedures Order will not be accepted for bidding at the Auction.

6.     **Jurisdiction of Court.** All bidders are deemed to have submitted to the exclusive jurisdiction of the Bankruptcy Court with respect to all matters related to the Auction and Sale and the terms and conditions of the transfer of the Purchased Assets.

7.     **Sale After Auction.** If the Trustee accepts a bid at the Auction in accordance with the preceding procedures, the Trustee will seek the Court's approval of such bid as the highest and best bid at the Sale Hearing. If the Court approves the sale at the Sale Hearing, the Purchased Assets will be sold to the Qualified Bidder submitting the highest and best bid in accordance with the terms of the Purchase Agreement.

8.     **Expenses Reimbursement/Break-Up Fee.** In consideration of the substantial time and expense incurred and to be incurred by the Proposed Buyer during the due diligence and negotiating process, if the APA is terminated because the Trustee consummates an Alternative Transaction or the Proposed Buyer is not the Successful Bidder at the conclusion of any Auction, then the Proposed Buyer shall be entitled to be paid an amount equal to five

thousand dollars ($5,000) (the "Break-Up Fee").  The Break-Up Fee shall be paid by Trustee or the Successful Bidder to Proposed Buyer within three (3) Business Days after the consummation of such Alternative Transaction.

9. **Competing Bidders' Expense.** Any Competing Bidders presenting a Competing Bid shall bear their own expenses in connection with the sale of the Purchased Assets, as the case may be, whether or not such sale is ultimately approved.

10. **Bankruptcy Court Approval**. The Sale contemplated herein is subject to the entry of an order by the Court (i) approving the sale and transfer of the Purchased Assets to the successful bidder, free and clear of any and all mortgages, security interests, liens, encumbrances and other interests of any kind or nature whatsoever to the extent permitted by law (other than permitted liens agreed to by the parties), with all valid liens, claims and encumbrances attaching to the sales proceeds at Closing and (ii) containing a finding that each purchaser is a good faith purchaser pursuant to 11 U.S.C. §363(m).

11. **Closing.** The closing of the purchase and sale of the Purchased Assets (the "Closing") shall take place via electronic exchange of closing documents and signature pages on the date that is no less than one (1) Business Day and no greater than three (3) Business Days after entry of the Sale Order, unless otherwise agreed by the Trustee and the winning bidder.

12. **Bids Binding.**  All bids are irrevocable until the earlier to occur of (i) the Initial Closing of the sale of the Purchased Assets, or (ii) sixty (60) days following the last date of the Auction (as may be adjourned).

13. **Additional Terms.** Additional terms and conditions, as approved by the Court to the extent necessary, may be imposed and announced at the Auction.

14. **Additional Information.** Questions regarding these bidding procedures can be

directed to Adam M. Back and Jessica L. Middendorf, Counsel for the Trustee, whose contact information is set out below.

15. **Access to Information.** The Debtor will provide access to its books and records and, upon reasonable notice, to interested persons for the purpose of conducting due diligence, provided that such persons (i) execute a written confidentiality agreement, including a non-solicitation provision prohibiting the solicitation of the current employees or customers of the Debtors, and (ii) provide evidence acceptable to the Debtors that such person has the present ability to fund a bid to purchase the Purchased Assets. All due diligence of all potential bides must be completed before the Auction.

16. **Copies of Pleadings and Agreements.** Interested parties may obtain copies of the Sale Motion, the APA, the Bid Procedures Order and other related pleadings and agreements from Adam M. Back and Jessica L. Middendorf, Counsel for the Trustee, whose contact information is set out below.

**PLEASE TAKE FURTHER NOTICE** that all bids submitted in accordance with the preceding requirements will be considered at the Auction upon the terms and conditions of the Bidding Procedures. All parties submitting such bids will be entitled to submit further bids at the Auction in the event that a higher and better offer than that which they initially submitted is received by the Trustee. Subject to the terms and conditions of the Bidding Procedures, the Trustee will seek Court approval of the highest and best bid for the Purchased Assets.

**PLEASE TAKE FURTHER NOTICE THAT OBJECTIONS** to the relief requested in the Sale Motion must: (a) be in writing and filed with the Court (such as to be received by) **on or before December 11, 2019 at 12:00 p.m. (EST)**; (b) comply with the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules; and (c) be served upon the Trustee,

5

counsel for the Trustee and counsel for the Proposed Purchaser.

**PLEASE TAKE FURTHER NOTICE** that the Sale Hearing may be adjourned without further notice, other than an announcement of such adjournment in open court at the Sale Hearing.

Dated: October 29, 2019

> Respectfully submitted,
>
> STOLL KEENON OGDEN PLLC
>
> /s/ Adam M. Back
> Adam M. Back
> Jessica L. Middendorf
> 300 West Vine Street, Suite 2100
> Lexington, Kentucky 40507-1801
> Phone: (859) 231-3000
> adam.back@skofirm.com
> jessica.middendorf@skofirm.com
>
> COUNSEL FOR THE CHAPTER 7 TRUSTEE

123717.164814/8070105.2

6