UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

IN RE:

GIGA ENTERTAINMENT MEDIA, INC.

CASE NO. 19-51291
CHAPTER 7

DEBTOR

**ORDER (A) ESTABLISHING SALE AND BIDDING PROCEDURES;
(B) APPROVING NOTICE OF SALE; AND (C) SETTING SALE HEARING DATE
("Sale Procedures Order")**

Upon the motion of James D. Lyon, as Trustee ("Trustee") of the Bankruptcy Estate of Giga Entertainment Media, Inc. ("Debtor") for entry of an order (A) Authorizing Sale of Assets pursuant to 11 U.S.C. § 363; (B) Establishing Sale and Bidding Procedures, Approving Notice of Sale and Setting Sale Hearing Date  (the "Sale Motion") and it appearing that proper notice of the Sale Motion was given, and the Court having reviewed the record and being sufficiently advised, the Court has determined to grant the relief requested by the Sale Motion.

THE COURT HEREBY FINDS AND DETERMINES as follows:

A.   This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334;

B.   This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) (A), (N) and (O);

C.   Notice of the Sale Motion as described in the Sale Motion is sufficient and proper under the circumstances;

D. The Trustee, in the exercise of his judgment, has determined in good faith and after a careful consideration of all alternatives that the sale of the Assets[1] to the Proposed Buyer is in the best interest of the Estate and the Debtor's creditors.

E. The sale of the Assets free and clear of any lien, claim, interest, right of recoupment or setoff, or encumbrance, with such liens, claims, interests, rights of recoupment or setoff, or encumbrances to attach to the proceeds in the same order of validity, priority and extent as they currently exist pursuant to 11 U.S.C. § 363(f), is a necessary condition to the sale as a Proposed Buyer of the Assets is not expected to be willing to consummate a sale subject to existing liens, claims, interests, rights of recoupment or setoff, or encumbrances.

F. The Trustee has articulated good and sufficient reasons for approving the Bidding Procedures, including, without limitation, the payment of the break-up fee, the minimum incremental addition to any subsequent bids at the Auction be at least $1,000.00, and Competing Bidders providing proof of financial ability to pay a subsequent bid in full upon request of the Trustee.

G. The Sale Motion has provided sufficient support of law and fact to approve the sale of the Assets pursuant to 11 U.S.C. § 363.

Based on the foregoing findings and the representations and evidence offered at a hearing on the Sale Motion, IT IS HEREBY ORDERED as follows:

1. The Sale Motion is GRANTED and approved (to the extent consistent with the terms of this Order). Any objections to the relief granted in this Order have been withdrawn or are hereby OVERRULED. The Trustee is authorized to conduct a sale of the Assets as outlined herein.

---

[1] All terms not otherwise defined herein shall have the meanings given to them in the Sale Motion.

2.      The terms of the proposed APA are approved and incorporated as if set forth herein. The Trustee is hereby authorized to execute the APA or a substantially similar APA contemporaneously with its execution by the Proposed Buyer.

3.      The Bidding Procedures, including, without limitation, the payment of the break-up fee, the minimum incremental addition to any subsequent bids at the Auction be at least $1,000.00, and Competing Bidders providing proof of financial ability to pay a subsequent bid in full upon request of the Trustee are hereby approved and are an essential inducement and condition relating to the Proposed Buyer's entry into, and continuing obligations under, the APA.

4.      In order to participate in the sale process, a person interested in acquiring the Purchased Assets must first deliver to the Trustee: (i) an executed non-disclosure and confidentiality agreement that is satisfactory to the Trustee; (ii) a statement and other factual support demonstrating to the Trustee's reasonable satisfaction (a) the identity of each Person that will be bidding for the Purchased Assets, (b) the terms of any such participation, (c) if any entity has been formed for the purpose of acquiring the Purchased Assets, the parties that will bear liability for any breach by such entity, and the financial capacity of such parties to satisfy such liability; and, (d) that the Person has a *bona fide* interest in acquiring the Purchased Assets; and (iii) preliminary proof by the Person of its financial capacity to close a proposed Sale Transaction, which may include current unaudited or verified financial statements of, or verified financial commitments obtained by, the Person, the adequacy of which the Trustee will determine.

5.      "Competing Bidder" is any Person who fully complies with the requirements of section a directly above to the satisfaction of the Trustee.  Additionally, the Purchaser is hereby deemed a Competing Bidder.

6. On or before November 29, 2019, the Trustee shall disclose the identity of any Competing Bidders to Purchaser, and is authorized (but not required) to disclose proof of any Competing Bidder's financial capacity to Purchaser.

7. Competing Bidders, if any, shall have through and including December 6, 2019 to conduct due diligence in respect to the Purchased Assets, and any information the Trustee provides to a Competing Bidder shall be made available to Purchaser simultaneously.

8. Competing bids, if any, must (i) be in an amount in excess of the Purchase Price and the Break-Up Fee; (ii) be in writing and received by Trustee on or before 5:00 p.m. (ET) on Monday, December 9, 2019 (the "Bid Deadline"); (iii) be accompanied by a signed asset purchase agreement clearly disclosing any changes from the terms of this Agreement and which does not alter the definition of the Purchased Assets; (iv) acknowledge and agree that the Purchased Assets are being sold "as-is, where-is"; (v) be irrevocable; and, (vi) be accompanied by proof that the full amount of the competing bid has been deposited with either Trustee or counsel for the Competing Bidder;

9. In the event the Trustee receives one or more Competing Bids by the Bid Deadline, he shall conduct an auction (the "Auction"), to be conducted at a location designated by the Trustee on December 10, 2019, and Trustee shall seek Bankruptcy Court approval of the highest and best bid at the Bankruptcy Court's December 12, 2019 hearing date. Competing Bidders designate a representative to attend the Auction in person, who shall have full authority to approve any subsequent bids and decide any issues which may arise during the Auction. At the start of the Auction, the Trustee shall disclose the highest and best bid to the Competing Bidders and solicit additional bids. Subsequent bids shall be at least $1,000 more than the prior highest bid, and Competing Bidders shall provide proof of financial ability to pay a subsequent bid in full upon request of Trustee. Trustee may decline to accept bids from any Competing Bidder who does not

provide proof of financial ability to fully pay a bid, in his sole discretion. Upon conclusion of the bidding, the Trustee shall announce the identity of the Bidder and amount of the Successful Bid to all Competing Bidders. Upon conclusion of the Auction and proof of ability to fully pay the Successful Bid, but no later than December 11, 2019, the Trustee shall file a Report of Auction and request to approve the Sale with the Bankruptcy Court.

10. The Proposed Buyer has consented to participate in the Auction as the initial bidder or "stalking horse" subject to the Bidding Procedures.

11. If no Qualified Bid (other than Proposed Buyer's) is received by the Bid Deadline, the APA shall be the highest or best Qualified Bid, and the Trustee will seek approval of and authority to consummate the sale contemplated by the APA.

12. The method of service and form of the Sale Notice tendered to the Court at the Sale Hearing are hereby approved. The Trustee is authorized and directed to serve the Sale Notice upon all shareholders and any party who has expressed an interest in the Assets

13. The date and time of the Sale Hearing will be December 12, 2019, at the hour of 9:30 a.m. at the United States Bankruptcy Court, 100 East Vine Street, Third Floor Courtroom, Lexington, Kentucky 40507. Any objections to the Sale must (i) be in writing and filed prior to December 11, 2019 at 12:00 p.m. (EST), (ii) comply with the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules, and (iii) be served upon the Trustee, counsel for the Trustee and counsel for the Proposed Purchaser.

14. The Trustee shall cause a copy of this Order to be served upon all entities which have received due diligence materials and shall maintain a list of all such entities, to be provided to the Court upon request.

15. Notwithstanding Fed. R. Bankr. P. 6004 and 9014, or otherwise, the terms and conditions of this Order shall be effective immediately and enforceable immediately upon entry.

Tendered by:

STOLL KEENON OGDEN PLLC

/s/ Adam M. Back
Adam M. Back, KY Bar No. 91003
Jessica L. Middendorf, KY Bar No. 94740
300 West Vine Street, Suite 2100
Lexington, Kentucky 40507-1801
Phone: (859) 231-3000
adam.back@skofirm.com
jessica.middendorf@skofirm.com

COUNSEL FOR THE CHAPTER 7 TRUSTEE

123717.164814/8070400.1