UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

IN RE:

GIGA ENTERTAINMENT MEDIA, INC.

DEBTOR

CASE NO. 19-51291
CHAPTER 7

---

## ORDER (A) ESTABLISHING SALE AND BIDDING PROCEDURES; (B) APPROVING NOTICE OF SALE; AND (C) SETTING SALE HEARING DATE ("Sale Procedures Order")

---

Upon the motion of James D. Lyon, as Trustee ("Trustee") of the Bankruptcy Estate of Giga Entertainment Media, Inc. ("Debtor") for entry of an order (A) Authorizing Sale of Assets pursuant to 11 U.S.C. § 363; (B) Establishing Sale and Bidding Procedures, Approving Notice of Sale and Setting Sale Hearing Date  (the "Sale Motion") and it appearing that proper notice of the Sale Motion was given, and the Court having reviewed the record and being sufficiently advised, the Court has determined to grant the relief requested by the Sale Motion.

THE COURT HEREBY FINDS AND DETERMINES as follows:

A.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334;

B.      This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) (A), (N) and (O);

C.      Notice of the Sale Motion as described in the Sale Motion is sufficient and proper under the circumstances;

D.      The Trustee, in the exercise of his judgment, has determined in good faith and after a careful consideration of all alternatives that the sale of the Purchased Assets, as defined in the APA

and the Sale Notice, to the Proposed Buyer[1] is in the best interest of the Estate and the Debtor's

creditors.

E.      The sale of the Purchased Assets free and clear of any lien, claim, interest, right of

recoupment or setoff, or encumbrance, with such liens, claims, interests, rights of recoupment or

setoff, or encumbrances to attach to the proceeds in the same order of validity, priority and extent as

they currently exist pursuant to 11 U.S.C. § 363(f), is a necessary condition to the sale as a Proposed

Buyer of the Purchased Assets is not expected to be willing to consummate a sale subject to existing

liens, claims, interests, rights of recoupment or setoff, or encumbrances.

F.      The Trustee has articulated good and sufficient reasons for approving the Bidding

Procedures, including, without limitation, the payment of the break-up fee, the minimum incremental

addition to any subsequent bids at the Auction be at least $1,000.00, and Competing Bidders

providing proof of financial ability to pay a subsequent bid in full upon request of the Trustee.

G.      The Sale Motion has provided sufficient support of law and fact to approve the sale of

the Purchased Assets pursuant to 11 U.S.C. § 363.

Based on the foregoing findings and the representations and evidence offered at a hearing on

the Sale Motion, IT IS HEREBY ORDERED as follows:

1.      The Sale Motion is GRANTED and approved (to the extent consistent with the terms

of this Order). Any objections to the relief granted in this Order have been withdrawn or are hereby

OVERRULED.   The Trustee is authorized to conduct a sale of the Purchased Assets as outlined

herein.

2.      The terms of the proposed APA [ECF No. 113] are approved and incorporated as if set

forth herein; provided, however, that any dates and/or deadlines set forth herein or in the Sale Notice

---

[1] All terms not otherwise defined herein shall have the meanings given to them in the Sale Motion [ECF No. 88].

shall control over any different dates and/or deadlines set forth in the APA.  The Trustee is hereby

authorized to execute the APA or a substantially similar APA contemporaneously with its execution

by the Proposed Buyer.

3.      The Bidding Procedures, including, without limitation, the payment of the break-up

fee, the minimum incremental addition to any subsequent bids at the Auction be at least $1,000.00,

and Competing Bidders providing proof of financial ability to pay a subsequent bid in full upon

request of the Trustee are hereby approved and are an essential inducement and condition relating to

the Proposed Buyer's entry into, and continuing obligations under, the APA.

4.      In order to participate in the sale process, a person interested in acquiring the

Purchased Assets must first deliver to the Trustee: (i) an executed non-disclosure and confidentiality

agreement that is satisfactory to the Trustee; (ii) a statement and other factual support demonstrating

to the Trustee's reasonable satisfaction (a) the identity of each Person that will be bidding for the

Purchased Assets, (b) the terms of any such participation, (c) if any entity has been formed for the

purpose of acquiring the Purchased Assets, the parties that will bear liability for any breach by such

entity, and the financial capacity of such parties to satisfy such liability; and, (d) that the Person has a

*bona fide* interest in acquiring the Purchased Assets; and (iii) preliminary proof by the Person of its

financial capacity to close a proposed Sale Transaction, which may include current unaudited or

verified financial statements of, or verified financial commitments obtained by, the Person, the

adequacy of which the Trustee will determine.

5.      "Competing Bidder" is any Person who fully complies with the requirements of

section a directly above to the satisfaction of the Trustee.  Additionally, the Purchaser is hereby

deemed a Competing Bidder.

6.       On or before December 6, 2019, the Trustee shall disclose the identity of any

Competing Bidders to Purchaser, and is authorized (but not required) to disclose proof of any

Competing Bidder's financial capacity to Purchaser.

7.       Competing Bidders, if any, shall have through and including December 13, 2019 to

conduct due diligence in respect to the Purchased Assets, and any information the Trustee provides

to a Competing Bidder shall be made available to Purchaser simultaneously.

8.       Competing bids, if any, must (i) be in an amount in excess of the Purchase Price and

the Break-Up Fee; (ii) be in writing and received by Trustee on or before 5:00 p.m. (ET) on Monday,

December 16, 2019 (the "Bid Deadline"); (iii) be accompanied by a signed asset purchase agreement

clearly disclosing any changes from the terms of this Agreement and which does not alter the

definition of the Purchased Assets; (iv) acknowledge and agree that the Purchased Assets are being

sold "as-is, where-is"; (v) be irrevocable; and, (vi) be accompanied by proof that the full amount of

the competing bid has been deposited with either Trustee or counsel for the Competing Bidder;

9.       In the event the Trustee receives one or more Competing Bids by the Bid Deadline, he

shall conduct an auction (the "Auction"), to be conducted at a location designated by the Trustee on

December 17, 2019, and Trustee shall seek Bankruptcy Court approval of the highest and best bid at

the Bankruptcy Court's December 20, 2019 hearing at 11:00 A.M.  Competing Bidders designate a

representative to attend the Auction in person, who shall have full authority to approve any

subsequent bids and decide any issues which may arise during the Auction. At the start of the

Auction, the Trustee shall disclose the highest and best bid to the Competing Bidders and solicit

additional bids. Subsequent bids shall be at least $1,000 more than the prior highest bid, and

Competing Bidders shall provide proof of financial ability to pay a subsequent bid in full upon

request of Trustee. Trustee may decline to accept bids from any Competing Bidder who does not

provide proof of financial ability to fully pay a bid, in his sole discretion. Upon conclusion of the

bidding, the Trustee shall announce the identity of the Bidder and amount of the Successful Bid to all

Competing Bidders. Upon conclusion of the Auction and proof of ability to fully pay the Successful

Bid, but no later than 12:00 P.M. on December 18, 2019, the Trustee shall file a Report of Auction

and request to approve the Sale with the Bankruptcy Court.

10.     The Proposed Buyer has consented to participate in the Auction as the initial bidder or

"stalking horse" subject to the Bidding Procedures.

11.     If no Qualified Bid (other than Proposed Buyer's) is received by the Bid Deadline, the

APA shall be the highest or best Qualified Bid, and the Trustee will seek approval of and authority to

consummate the sale contemplated by the APA.

12.     The method of service and form of the revised Sale Notice attached hereto as "Exhibit

A" are hereby approved (the "Sale Notice").  The Trustee is authorized and directed to serve the Sale

Notice upon all shareholders and any party who has expressed an interest in the Assets, as well as all

creditors and parties in interest.

13.     The date and time of the Sale Hearing will be December 20, 2019, at the hour of

11:00 A.M. at the United States Bankruptcy Court, 100 East Vine Street, Third Floor Courtroom,

Lexington, Kentucky 40507. Any objections to the Sale must (i) be in writing and filed prior to

December 19, 2019 at 12:00 p.m. (EST), (ii) comply with the Federal Rules of Bankruptcy Procedure

and the Local Bankruptcy Rules, and (iii) be served upon the Trustee, counsel for the Trustee and

counsel for the Proposed Purchaser.

14.     The Trustee shall cause a copy of this Order to be served upon all entities which have

received due diligence materials and shall maintain a list of all such entities, to be provided to the

Court upon request.

5

15.    Notwithstanding Fed. R. Bankr. P. 6004 and 9014, or otherwise, the terms and

conditions of this Order shall be effective immediately and enforceable immediately upon entry.


Tendered by:

STOLL KEENON OGDEN PLLC

/s/ Adam M. Back
Adam M. Back, KY Bar No. 91003
Jessica L. Middendorf, KY Bar No. 94740
300 West Vine Street, Suite 2100
Lexington, Kentucky 40507-1801
Phone: (859) 231-3000
adam.back@skofirm.com
jessica.middendorf@skofirm.com

COUNSEL FOR THE CHAPTER 7  TRUSTEE

123717.164814/8070400.3

6

_____

**The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.**



**Signed By:**
*Tracey N. Wise*
**Bankruptcy Judge**
**Dated: Friday, November 15, 2019**
**(tnw)**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

IN RE:                                                CASE NO. 19-51291

GIGA ENTERTAINMENT MEDIA, INC.                        CHAPTER 7

---

**NOTICE OF (A) SALE AND OPPORTUNITY TO BID
AND (B) SALE HEARING**

---

**PLEASE TAKE NOTICE** that, upon the motion of James D. Lyon, as Trustee ("Trustee") of the Bankruptcy Estate of Giga Entertainment Media, Inc. (the "Debtor") for entry of an order (A) Authorizing Sale of Assets pursuant to 11 U.S.C. § 363 and (B) Establishing Sale Procedures and Bidding Protections, Approving Notice of Sale and Setting Sale Hearing Date (the "Sale Motion"), a hearing to approve the sale described below has been scheduled for December 20, 2019, at the hour of 11:00 a.m. at the United States Bankruptcy Court, 100 East Vine Street, Third Floor Courtroom, Lexington, Kentucky 40507.

**PLEASE TAKE FURTHER NOTICE** that:

1.      (a)      **Purchase Agreement for Sale of Property.** On November 14, 2019, the Trustee and GLB2019, LLC (the "Proposed Buyer") entered into a revised Asset Purchase Agreement [ECF No. 113] (the "APA") for the sale (the "Sale") of certain assets of the Debtor, to the extent they may be transferred by the Trustee, all as more fully described in the APA, which assets may consist of the following: (a) claims and causes of actions for avoidable transfers under Chapter 5 of the Bankruptcy Code and applicable state law against third parties, including but not limited to transfers to creditors and insiders of the Debtor and all books, records, documents and electronic media containing information of any type related to such claims and causes of action; (b) claims and causes of action under applicable state or federal law

against prior directors, officers and shareholders of the company, including but not limited to breach of fiduciary duty, shareholder derivative claims, conflicts of interest, negligence and fraud; (c) all equipment (including office equipment), fixtures, and furnishings; (d) to the extent assignable, all rights of the Debtor under non-disclosure or confidentiality, non-compete, non-solicitation or similar agreements with any employees and agents of the Debtor or with third parties, other than any such rights of the Debtor to the extent pertaining exclusively to any Excluded Assets; (e) to the extent owned by or subject to the control of the Debtor, all Equity Interests in the Debtor; and (f) to the extent transferable and to the extent primarily related to the Purchased Assets, the full benefit of all representations, warranties, guarantees, indemnities, undertakings, certificates, covenants, agreements and all security therefor received by the Debtor in connection with the Purchased Assets (the "Purchased Assets").   A complete list of the Purchased Assets is set forth in detail in the APA.

(b)    **Excluded Assets**.  Nothing in the APA shall constitute a sale or transfer of the Trustee's right, title, and interest in and to the following "Excluded Assets": (a) any checking or deposit accounts of the Debtor existing as of the Petition Date, and any deposit accounts established by the Trustee in connection with this Bankruptcy Case; (b) all software and product code, including, but not limited to the social media product code for SELFEO 3.1, and any prior or subsequent versions of said software, as well as the registered trademarks for SELFEO and Immerse Yourself; (c) any and all internet domain names registered to the Debtor, and any promotional materials; (d) claims for professional malpractice regarding the company's compliance with securities and exchange regulations or preparations for an initial public offering, including but not limited to the following professionals: Laura Anthony, Anthony L.G., PLLC, James D. Sallah, Sallah Astarita Cox, LLC, Abram Pafford, and Arent Fox; (e) any (i)

2

books and records that the Seller is required by Law or contract to retain, including, without

limitation, financial statements, and corporate or other entity filings, (ii) legal entity, minute

books, stock ledgers, corporate seals, stock certificates and similar materials of the Debtor, and

(iii) documents exclusively relating to the Excluded Assets. A complete list of the Excluded

Assets and Excluded Liabilities is set forth in detail in the APA.

      2.      **Purchase Price.** The purchase price (the "Purchase Price") to be paid by the

Proposed Buyer to the Trustee for the Purchased Assets shall be an amount equal to $20,000.

      3.      **Disclaimer**. Competing bids are subject to the requirements, limitations and

procedures (the "Bidding Procedures") set forth herein, which bidding procedures were approved

by order of the Court (the "Sale Procedures Order").

      4.      **The Bidding Procedures.**  The Bidding Procedures are as follows:

(a)      In order to participate in the sale process, a person interested in acquiring the Purchased Assets must first deliver to the Trustee: (i) an executed non-disclosure and confidentiality agreement that is satisfactory to the Trustee; (ii) a statement and other factual support demonstrating to the Trustee's reasonable satisfaction (i) the identity of each Person that will be bidding for the Purchased Assets, (ii) the terms of any such participation, (iii) if any entity has been formed for the purpose of acquiring the Purchased Assets, the parties that will bear liability for any breach by such entity, and the financial capacity of such parties to satisfy such liability; and, that the Person has a *bona fide* interest in acquiring the Purchased Assets; and (iii) preliminary proof by the Person of its financial capacity to close a proposed Sale Transaction, which may include current unaudited or verified financial statements of, or verified financial commitments obtained by, the Person, the adequacy of which the Trustee will determine;

(b)      A "Competing Bidder" is any Person who fully complies with the requirements of section a directly above to the satisfaction of the Trustee.  Additionally, the Proposed Buyer shall automatically be deemed a Competing Bidder;

(c)      On or before December 6, 2019, the Trustee shall disclose the identity of any Competing Bidders to Proposed Buyer, and is authorized (but not required) to disclose proof of any Competing Bidder's financial capacity to Proposed Buyer;

(d)      Competing Bidders, if any, shall have through and including December 13, 2019 to conduct due diligence in respect to the Purchased Assets, and any information the

3

Trustee provides to a Competing Bidder shall be made available to Proposed Buyer; simultaneously;

(e)    Competing bids, if any, must (i) be in an amount in excess of the Purchase Price and the Break-Up Fee; (ii) be in writing and received by Trustee on or before 5:00 p.m. (ET) on Monday, December 16, 2019 (the "Bid Deadline"); (iii) be accompanied by a signed asset purchase agreement clearly disclosing any changes from the terms of this Agreement and which does not alter the definition of the Purchased Assets; (iv) acknowledge and agree that the Purchased Assets are being sold "as-is, where-is"; (v) be irrevocable; and, (vi) be accompanied by proof that the full amount of the competing bid has been deposited with either the Trustee or counsel for the Competing Bidder;

(f)    In the event the Trustee receives one or more Competing Bids by the Bid Deadline, the shall conduct an auction (the "Auction"), to be conducted at a location designated by the Trustee on December 17, 2019, and Trustee shall seek Bankruptcy Court approval of the highest and best bid at the Bankruptcy Court's December 20, 2019 hearing at 11:00 A.M.. Competing Bidders designate a representative to attend the Auction in person, who shall have full authority to approve any subsequent bids and decide any issues which may arise during the Auction. At the start of the Auction, the Trustee shall disclose the highest and best bid to the Competing Bidders and solicit additional bids. Subsequent bids shall be at least $1,000 more than the prior highest bid, and Competing Bidders shall provide proof of financial ability to pay a subsequent bid in full upon request of Trustee. Trustee may decline to accept bids from any Competing Bidder who does not provide proof of financial ability to fully pay a bid, in his sole discretion. Upon conclusion of the bidding, the Trustee shall announce the identity of the Bidder and amount of the Successful Bid to all Competing Bidders. Upon conclusion of the Auction and proof of ability to fully pay the Success Bid, but no later than 12:00 P.M. on December 18, 2019, the Trustee shall file a Report of Auction and request to approve the Sale with the Bankruptcy Court.

(g)    The Proposed Buyer has consented to participate in the Auction as the initial bidder or "stalking horse" subject to the Bidding Protections; and

(h)    If no Qualified Bid (other than Proposed Buyer's) is received by the Bid Deadline, the APA shall be the highest or best Qualified Bid, and the Trustee will seek approval of and authority to consummate the sale contemplated by the APA.

5.    **Non-Conforming Bids**. Bids that do not conform to the terms of the Purchase Agreement and/or the procedures set forth in the Sale Procedures Order will not be accepted for bidding at the Auction.

6.    **Jurisdiction of Court.** All bidders are deemed to have submitted to the exclusive jurisdiction of the Bankruptcy Court with respect to all matters related to the Auction and Sale

4

and the terms and conditions of the transfer of the Purchased Assets.

7. **Sale After Auction.** If the Trustee accepts a bid at the Auction in accordance with the preceding procedures, the Trustee will seek the Court's approval of such bid as the highest and best bid at the Sale Hearing. If the Court approves the sale at the Sale Hearing, the Purchased Assets will be sold to the Qualified Bidder submitting the highest and best bid in accordance with the terms of the Purchase Agreement.

8. **Expenses Reimbursement/Break-Up Fee.** In consideration of the substantial time and expense incurred and to be incurred by the Proposed Buyer during the due diligence and negotiating process, if the APA is terminated because the Trustee consummates an Alternative Transaction or the Proposed Buyer is not the Successful Bidder at the conclusion of any Auction, then the Proposed Buyer shall be entitled to be paid an amount equal to five thousand dollars ($5,000) (the "Break-Up Fee"). The Break-Up Fee shall be paid by Trustee or the Successful Bidder to Proposed Buyer within three (3) Business Days after the consummation of such Alternative Transaction.

9. **Competing Bidders' Expense.** Any Competing Bidders presenting a Competing Bid shall bear their own expenses in connection with the sale of the Purchased Assets, as the case may be, whether or not such sale is ultimately approved.

10. **Bankruptcy Court Approval**. The Sale contemplated herein is subject to the entry of an order by the Court (i) approving the sale and transfer of the Purchased Assets to the successful bidder, free and clear of any and all mortgages, security interests, liens, encumbrances and other interests of any kind or nature whatsoever to the extent permitted by law (other than permitted liens agreed to by the parties), with all valid liens, claims and encumbrances attaching to the sales proceeds at Closing and (ii) containing a finding that each purchaser is a good faith

purchaser pursuant to 11 U.S.C. §363(m).

11.    **Closing.** The closing of the purchase and sale of the Purchased Assets (the "Closing") shall take place via electronic exchange of closing documents and signature pages on the date that is no less than one (1) Business Day and no greater than three (3) Business Days after entry of the Sale Order, unless otherwise agreed by the Trustee and the winning bidder.

12.    **Bids Binding.**  All bids are irrevocable until the earlier to occur of (i) the Initial Closing of the sale of the Purchased Assets, or (ii) sixty (60) days following the last date of the Auction (as may be adjourned).

13.    **Additional Terms.** Additional terms and conditions, as approved by the Court to the extent necessary, may be imposed and announced at the Auction.

14.    **Additional Information.** Questions regarding these bidding procedures can be directed to Adam M. Back and Jessica L. Middendorf, Counsel for the Trustee, whose contact information is set out below.

15.    **Access to Information.** The Trustee will provide access to the Debtor's books and records and, upon reasonable notice, to interested persons for the purpose of conducting due diligence, provided that such persons (i) execute a written confidentiality agreement, and (ii) provide evidence acceptable to the Trustee that such person has the present ability to fund a bid to purchase the Purchased Assets. The Trustee will additionally facilitate communications between interested persons and the Debtor's corporate representative. All due diligence of all potential bidders must be completed before the Auction.

16.    **Copies of Pleadings and Agreements.** Interested parties may obtain copies of the Sale Motion, the APA [ECF No. 113], the Sale Procedures Order and other related pleadings and agreements from Adam M. Back and Jessica L. Middendorf, Counsel for the Trustee, whose

contact information is set out below.

**PLEASE TAKE FURTHER NOTICE** that all bids submitted in accordance with the preceding requirements will be considered at the Auction upon the terms and conditions of the Bidding Procedures. All parties submitting such bids will be entitled to submit further bids at the Auction in the event that a higher and better offer than that which they initially submitted is received by the Trustee. Subject to the terms and conditions of the Bidding Procedures, the Trustee will seek Court approval of the highest and best bid for the Purchased Assets.

**PLEASE TAKE FURTHER NOTICE THAT OBJECTIONS** to the relief requested in the Sale Motion must: (a) be in writing and filed with the Court (such as to be received by) **on or before December 19, 2019 at 12:00 p.m. (EST)**; (b) comply with the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules; and (c) be served upon the Trustee, counsel for the Trustee and counsel for the Proposed Buyer.

**PLEASE TAKE FURTHER NOTICE** that the Sale Hearing may be adjourned without further notice, other than an announcement of such adjournment in open court at the Sale Hearing.

Dated: November 15, 2019

Respectfully submitted,

STOLL KEENON OGDEN PLLC

/s/ Adam M. Back
Adam M. Back
Jessica L. Middendorf
300 West Vine Street, Suite 2100
Lexington, Kentucky  40507-1801
Phone: (859) 231-3000
adam.back@skofirm.com
jessica.middendorf@skofirm.com
COUNSEL FOR THE CHAPTER 7
TRUSTEE

7

## **CERTIFICATE OF SERVICE**

        The undersigned hereby certifies that a true and accurate copy of the foregoing (a) was filed electronically via the Court's CM/ECF system and served upon all parties registered to receive notices of same, (b) was served via electronic mail to all shareholders of the Debtor as set forth in the Debtor's corporate records, and (c) was mailed via U.S. Mail, postage prepaid, to all parties set forth on the attached Schedule 1, on this 15th day of November, 2019.

                                        /s/ Adam M. Back
                                        COUNSEL FOR THE CHAPTER 7
                                        TRUSTEE

**Schedule 1**

Airsign, LLC
c/o Brian Modiano, CFO
12 NW 5th Place
Williston FL 32696

Alfred Colucci
937 Lawnton Terrance
Glenolden PA 19036

Amazon Web Services, Inc.
410 Terry Ave North
Seattle WA 98109-5210

ANC Sports Enterprises, LLC
2 Manhattenville Road, Ste 402
Purchase NY 10577

Anthony Mapolitano
5510 Merrick Road
Massapequa NY 11758

Arent Fox LLP
1717 K. Street, NW
Washington DC 20006

Armanino, LLP
P.O. Box 398285
San Francisco CA 94139

Balder IP Law
Paseo de la Castellana, 93
28046 Madrid Spain

Bank of America
P.O. Box 982238
El Paso TX 79998

Behalf
P.O. Box 1804
New York NY 10159

Boston Red Sox Baseball LP
c/o David S. Friedman, Esq.
4 Yawkey Way
Boston MA 02215

Brent Harris
3619 Peggy's Place
Tyler TX 75701

CBS 360 Digital
22985 Network Place
Chicago IL 60673

CBS Radio/Szabo Assoc/Entercom Comm.
3355 Lenox Road,9th Floor
Atlanta GA 30326

CBS Television Licenses, LLC
c/o Rhett A. Frimet, PC
10 East 40th Street, 46th Floor
New York, NY 10016

Chuck Noska
5715 Hwy 85 N. PMB 1316
Crestview FL 32536

Cindy Meengs
1925 8th Avenue SW
Byron Center MI 49315

Claudio E. Iannitelli, Esq.
111 West Monroe St, 17th floor
Phoenix, AZ 85003

Daniel J. Cloherty
Collora LLP
100 High Street
Boston MA 02110-2321

David do Nascimento Advodagos
Av. Paulista,1294 16 Andar Cerqueira Cez
01310 915 Sao Paulo SP Brasil

David Lynn, Esq.
Law office of David Lynn
11500 W. Olympic Bl., Ste 400
Los Angeles CA 90064

Dawson Orr
50 N. Laura Street, Suite 1675
Jacksonville FL 32202

Dennemeyer & Co. LLC
2 North Riverside Plaza, Suite 1500
Chicago IL 60606

Dialpad, inc.
100 California Street, Ste 500
San Francisco CA 94111

Douglas K. Miller
4940 Lazio Way
Oak Park CA 91377

Eddie Huey
538 Grove Street
Montclair NJ 07043

Eric Neilsen, Esq.
100 2nd Avenue North, Suite 240
Saint Petersburg FL 33701

Everbank/TIAA
TIAA Commercial Finance
P.O. Box 911608
Denver CO 80291

Federal Express
3875 Airways, ModuleH3 Department 4634
Memphis TN 38116

Finn Partners
301 E. 57th Street
New York NY 10022

Grassi & Co.
50 Jeficho Quadrangle, Ste 200
Jericho NY 11753

Hartford Insurance
Worker's Compensation Policy
1251 Old Northern Blvd.
Roslyn NY 11576

Hewlett-Packard Financial Services Co.
200 Connell Drive
Suite 5000
Berkeley Heights, NJ 07922

IBM Credit
1 North Castle Drive
Armonk NY 10504

Internal Revenue Service
P.O. Box 7346
Philadelphia PA 19104-7346

Jacksonville Jaquars
c/o Gunster
225 Water Street, Suite 1750
Jacksonville FL 32202

James Massa
723 Central Avenue, Suite B
Lexington KY 40502

Jarrett Streiner
10400 NW 6th Stret
Fort Lauderdale FL 33324

Jim Smith
717 Ridge Pike
Lafayette Hill PA 19444

John C. Nimmer, Esq,
13703 South 14th Street
Bellevue NE 68123

John Price
325 Silvertree Lane
Redlands CA 92374

Judith Cooper
138 Sunset Drive
West Long Branch NJ 07764

Kollman & Saucier, P.A.
1823 York Rd The Business Law Blvd
Lutherville Timonium MD 21093

10

Lamar Advertising
c/o Rouch-Milliken International , Inc.
P.O. Box 8390
Metairie LA 70011

Lawrence Silver
1600 Oakmont Drive #3
Walnut Creek CA 94595

Lipton Weinbergr & Husick
201 N. Jackson Street, Ste 1
Media PA 19063

Locke Lord LLP
Broofield Place
2000 Vesey Street, 20th Floor
New York NY 10281

Los Angeles Dodgers
c/o Jerome M. Jackson, Esq.
880 Apollo Street, Suite 238
El Segundo CA 90245

Luzzatto & Luzzatto
P.O. Box 5352
Beer Sheva 8415202 Israel

Lyft
548 Market Street, Sute 68514
San Francisco CA 94104

Mark E. Fraze, Esq.
Legal Department IBM
425 Market Street, 21st Floor
San Francisco, CA 94105

Martec International (TOGO)
529 Dowd Avenue
Essex Fells NJ 07021

Mathews Giberson, LLP
200 S. Andrews Avenue, Suite 800
Fort Lauderdale FL 33301

Maxium Media & PR
211-164 Sandalwood Pkwy Easts
Dept #1064
Brampton, ON L6Z4X1

Meedmob, Inc.
31 St James Avenue
Boston MA 02116

Mercantile Adjustment Bureau, LLC
P.O. Box 9055
Williamsville, NY 14231-9055

Microsoft Azure
One Microsoft Way
Redmond WA 98052

Milton Langer
8975 W. Golf Road
Niles IL 60714

Mitchell D. Goldberg, Esq.
60 East 42nd Street, Ste 4600
New York NY 10165

Morvillo Abramowitz Grand Iason & Anello
565 Fifth Avenue
New York NY 10017

MSCCM Commercial Credit
333 W. Hampden Avenue, Ste 820
Englewood CO 80110

N.J. Division of Taxation
Bankruptcy Section
P.O. Box 245
Trenton NJ 08695-0245

NEP
c/o of OCH & Goldber, LLP
60 East 42nd Street, Suite 4600
New York NY 10165

11

New York State Department of Labor
c/o Marianna DeCrescenzo,Esq.
75 Varick Street, 7th Floor
New York NY 10013

New York State Department of Taxation
and Finance
Bankruptcy Section
P.O. Box 5300
Albany NY 12205-0300

Optimum from 1979 New Hyde Park
1111 Stewart Avenue
Bethpage NY 11714-3581

Outfront Media, Inc.
405 Lexington Avenue
New York NY 10174

Perficient, Inc.
ATTN: Jeffrey Myska
555 Maryville University Drive, Ste 500
Saint Louis MO 63141

Perficient, Inc.
ATTN: Jeffrey Myska
P.O. Box 207094
Dallas TX 75320

Phillips, Cantor & Shalek, PA
4000 Hollywood Blvd, Suite 500 North
Hollywood FL 33021

Professional Specialty Publications, LLC
d/b/a National Event Publication
ATTN: Chief Financial Officer
570 Elmont Road
Elmont NY 11003

Purdy Lucy
6-7 Harcourt Terrance
Dublin 2
DO2 FH73

Robert Morello
109 Presidential Drive
Horseheads NY 14845

Rosenblatt, Levittan, Vulpis, Goetz & Co.
1700 Jericho Turnpike
New Hyde Park, NY 11040

Sallah Astarita & Cox LLC
James D. Sallah, Esq.
3010 N. Military Trail, #210
Boca Raton FL 33431

Scott A. Birnbaum, Esq.
Birnbaum & Godkin, LLP
280 Summer Street
Boston MA 02210

Scott Lloyd
19102 Oakboard Road
Tyler TX 75703

Serge Abend
2515 South Court
Palo Alto CA 94301

Sheppard Mullin Law Firm
333 South Hope Street
Harbor City CA 90710

Skiermont Derby LLP
1601 Elm Street, Ste 4400
Dallas TX 75201

South by Southwest (SXSW)
28 Main Street, Suite 1800
Rochester NY 14614

Spoor Fisher
11 Byls Bridge Blvd, Bldg. 14
Highveld ext 73
Centurion, 0157 Pretoria South Africa

Spruson & Ferguson Pty Limited
PTY GPO Box 3898
Sydney NSW 2001 Australia

Staples
1111 S. Figueroa Street
Los Angeles CA 90015

State Point Media, Inc.
183 Madison Avenue, Ste 605
New York NY 10016

Steven B. Sprechman, Esq.
Law Offices of Sprechman & Fisher PA
2775 Sunny Isles Blvd, Ste 100
North Miami Beach FL 33160-4007

Steven Pulisic
369 Central Avenue
Deer Park NY 11729

Sweet & Walker PC
2380 Junipero Serra Blvd. Ste B
Daly City CA 94015

The Rose Group, LLC
Attn: Steven Rose
1594 Long Ridge Road
Stamford CT 06903

TIAA Commercial Finance, Inc.
10 Waterview Blvd
Parsippany, NJ 07054

Uber
1455 Market Street
San Francisco CA 94103

Uhthoff, Gomez, Vega
Los Angeles Lockbox
File # 50095
Los Angeles CA 90074

United Trademark & Patent Services
Sutie 401-401, Al Hawai Tower
Sheikh Zayed, P.O. Box 72430
Dubai, United Arab Emirates

UPS
P.O, Box 7247-0244
Philadelphia PA 19170-0001

Van Wagner Aerial Media
2380 Juniperor, Suite B
Daly City CA 94015-1645

Verizon
P.O. Box 408
Newark NJ 07101-0408

VStock
18 LaFayette Place
Woodmere NY 11598

WBZ TV
1170 Soldiers Field Road
Allston, MA 02134

Wells Fargo SBL
P.O. Box 29482
Phoenix AZ 85038

WeWork HQ.
115 W. 18th Street
New York NY 10011

Windstream Enterprises
P.O. Box 70268
Philadelphia PA 19176-0268

Yus Loc
Patent Attorney
d6 Prospekt Mira
Moscow 129090 Russia

123717.164814/8070105.6

13