UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

IN RE:

GIGA ENTERTAINMENT MEDIA, INC.

DEBTOR

CASE NO. 19-51291
CHAPTER 7

### MOTION FOR ORDER AUTHORIZING SALE OF ASSETS PURSUANT TO 11 U.S.C. § 363

Comes James D. Lyon, as Trustee (the "Trustee") of the Bankruptcy Estate of Giga Entertainment Media, Inc. (the "Debtor") and, pursuant to 11 U.S.C. §§ 105(a), 363(b), (f) and (m), Fed. R. Bankr. P. 2002, 6004, 9006 and 9014, and the *Order (A) Establishing Sale and Bidding Procedures; (B) Approving Notice of Sale; and (C) Setting Sale Hearing Date* previously entered herein on November 15, 2019 (the "Sale Procedures Order") [D.N. 115], hereby moves the Court for authority to sell substantially all of the Debtor's assets (other than the SELFEO Software Code (as defined below) and other specifically excluded assets of the estate), free and clear of liens, claims, interests and encumbrances to the Proposed Buyer (defined below). The Trustee incorporates by reference his previously filed *Chapter 7 Trustee's Report of Auction Sale* [D.N. 121] (the "Report of Auction") and all exhibits thereto; and in further support of his Motion, the Trustee respectfully states as follows:

**JURISDICTION AND VENUE**

1.  On June 27, 2019 (the "Petition Date"), the Debtor filed a voluntary petition for relief with this Court under Chapter 7 of the United States Bankruptcy Code, 11 U.S.C. §§ 101, *et seq*. (the "Bankruptcy Code").

2. This Court has jurisdiction over this Chapter 11 case under 28 U.S.C. §§ 157 and 1334. This matter constitutes a core proceeding under 28 U.S.C. § 157(b)(2)(A), (N) and (O).

3. The Debtor is a Nevada corporation which maintains its principal place of business in Lexington, Kentucky. Accordingly, and as determined by the Court in its Order Denying Motion to Transfer Venue entered on September 19, 2019 [ECF No. 83], venue for the Debtor's Chapter 7 case is proper in this District under 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

4. Pursuant to the Bidding Procedures approved by this Court in the Sale Procedures Order, the Trustee entered into a stalking horse bidder agreement with GLB2019, LLC (the "Stalking Horse Bidder"), as embodied in the form of the proposed asset purchase agreement previously filed with the Court [D.N. 113] for the purchase of substantially all of the Debtor's assets, as set forth therein, for the sum of $20,000.

5. In accordance with the Sale Procedures Order, the Trustee provided various due diligence materials to both the Stalking Horse Bidder and to the group of individuals comprised of David Shutvet, Riva Wilkins, Gary Nerlinger, Patricia Gilchrist, Lyle Gillman, Bob Barnard, Arthur Mellon and William Freeman, jointly and severally (collectively, the "Equity Security Holders"), who satisfied the conditions set forth in the Sale Procedures Order to be deemed a Competing Bidder.

6. Pursuant to the Sale Procedures Order, the Equity Security Holders satisfied the conditions to be deemed a Competing Bidder by the Trustee and thereafter properly submitted a qualified Competing Bid for the Purchased Assets in the amount of $26,000.

7. After receipt of the Competing Bid, in accordance with the Sale Procedures Order, on December 17, 2019 the Trustee conducted an auction of all of the properties, assets, rights and

interests of the Trustee (excluding the Excluded Assets, as defined in the asset purchase agreement attached to the Report of Auction as <u>Exhibit 2</u>), consisting of the following:

    a. Claims and causes of actions for avoidable transfers under Chapter 5 of the Bankruptcy Code and applicable state law against third parties including but not limited to transfers to creditors and insiders of the Debtor;

    b. Claims and causes of action under applicable state or federal law against prior directors, officers and shareholders of the company including but not limited to breach of fiduciary duty, shareholder derivative claims, conflicts of interest, negligence and fraud;

    c. All books, records, documents and electronic media containing information of any type related to the claims and causes of action identified in Section 2.1(a) and (b) of the asset purchase agreement;

    d. All equipment (including office equipment), fixtures, and furnishings;

    e. To the extent assignable, all rights of the Debtor under nondisclosure or confidentiality, non-compete, non-solicitation or similar agreements with any employees and agents of the Debtor or with third parties, other than any such rights of the Debtor to the extent pertaining exclusively to any Excluded Assets as defined in the asset purchase agreement;

    f. To the extent owned by or subject to the control of the Debtor, all Equity Interests in the Debtor; and

    g. To the extent transferable and to the extent primarily related to the Purchased Assets, the full benefit of all representations, warranties, guarantees, indemnities, undertakings, certificates, covenants, agreements

and all security therefor received by the Debtor in connection with the Purchased Assets.

(collectively, the "Purchased Assets").

8. The Equity Security Holders, jointly and severally, were the Successful Bidder at the auction, for the Purchased Assets for the sum of Seventy-Six Thousand Dollars and No Cents ($76,000.00).

9. The fully executed asset purchase agreement attached to the Report of Auction as Exhibit 1 for the Purchased Assets for the Equity Security Holders' initial Competing Bid of $26,000 was agreed upon by the Trustee and the Equity Security Holders, jointly and severally.

10. A true and accurate copy of the revised asset purchase agreement sent to counsel for the Successful Bidder following the auction on December 17, 2019 is attached to the Report of Auction as Exhibit 2 and is fully incorporated herein by reference.

11. As demonstrated by the email correspondence attached to the Report of Auction as Exhibit 3, counsel for the Successful Bidder has represented that he has no changes to the December 17, 2019 asset purchase agreement attached to the Report of Auction as Exhibit 2 (the "APA") and that he is circulating the same to his clients for execution. The Trustee will separately file the fully executed APA with the Court as soon as the Trustee receives the same from the Proposed Buyer.

**TERMS OF THE PROPOSED SALE**

THE ASSET PURCHASE AGREEMENT[1]

**A.    The Assets**

---

[1] The following description of the terms of the APA is intended solely to provide a brief overview thereof, and to highlight material terms and provisions. Parties should refer to the APA for such complete and detailed terms thereof. In the event of any inconsistencies between such summary and the APA, the latter shall govern. In addition, all capitalized terms not defined herein shall have the meaning given to them in the APA.

12. Subject to approval by this Court, the Trustee seeks approval of a sale of the Purchased Assets on the terms of the APA.

13. The Proposed Buyer's purchase price for the Purchased Assets is $76,000.00. It is the Trustee's business judgment that the Proposed Buyer's $76,000.00 bid represents the highest and best bid received by the Trustee for the Purchased Assets.

**B.  Excluded Assets**

14. Section 2.2 of the APA specifically sets forth certain other assets of the Debtor which are excluded from this sale, and which include but are not limited to the software and product code for SELFEO 3.1, and any prior or subsequent versions of said software, as well as the registered trademarks for SELFEO and Immerse Yourself (collectively, "SELFEO Software Code"); any and all internet domain names registered to the Debtor, and any promotional materials; and claims for professional malpractice regarding the Debtor's compliance with securities and exchange regulations or preparations for an initial public offering; all as more fully detailed in Section 2.2 of the APA.

**C.  Closing and Termination of the APA**

8. The closing of the purchase and sale of the Purchased Assets (the "Closing") shall take place via electronic exchange of closing documents and signature pages.

9. Section 4.4 of the APA sets forth the instances in which the APA may be terminated. Among other things, the parties may mutually agree to terminate the APA or the APA may be terminated as follows:

    (a) by Purchaser or the Trustee, if the Closing shall not have occurred by the close of business on the date that is the earlier of (i) fifteen (15) days after the date on which the Sale Order is entered and (ii) December 31, 2019 (such date, the "Termination Date");

(b) by mutual written consent of the Trustee and Purchaser;

(c) by Purchaser, if there shall be an inaccuracy in any representation or warranty of the Seller, or a breach by of any covenant or agreement contained in this Agreement, which inaccuracy or breach would result in a failure of a condition set forth in Section 9.1 or 9.3 and which inaccuracy or breach cannot be cured or has not been cured by the earlier of (i) 15 Business Days after the giving of written notice by Purchaser to the Trustee of such breach and (ii) one Business Day prior to the Termination Date;

(d) by the Trustee, if there shall be a inaccuracy in any representation or warranty of Purchaser, or a breach by Purchaser of any covenant or agreement contained in this Agreement, which would result in a failure of a condition set forth in Section 9.2 or 9.3 and which breach cannot be cured or has not been cured by the earlier of (i) 15 Business Days after the giving of written notice by the Trustee to Purchaser of such breach and (ii) one Business Day prior to the Termination Date;

(e) by the Trustee or Purchaser if there shall be in effect an Order of a Governmental Body of competent jurisdiction restraining, enjoining or otherwise prohibiting the consummation of the transactions contemplated by this Agreement, it being agreed that Purchaser and Trustee shall consult in good faith to determine whether the Trustee shall appeal any adverse determination which is not non-appealable (and, in the event such appeal is pursued, the Trustee agree to pursue such appeal with reasonable diligence) unless and until Purchaser elects to terminate this Agreement in accordance with the terms hereof; and

(f) by Purchaser, if (i) the Bidding Procedures in this Agreement are not approved by the Bankruptcy Court on or before November 15, 2019, (ii) if the Bidding Procedures are not followed by Seller, or (iii) the Sale Order has not been entered by December 20, 2019.

## **USE OF PROCEEDS**

10. Ultimately, the resulting sale proceeds received from the Proposed Buyer who submitted the highest and best offer at the conclusion of the Auction will be utilized to satisfy the costs and expenses of administering the Debtor's bankruptcy case as approved by the Court, with remaining proceeds distributed to the Debtor's creditors and/or interest holders in accordance with the Bankruptcy Code. Neither the APA, nor the proposed Sale Order, dictate how the Trustee or the Estate must utilize any of the Sale proceeds, other than to provide that all liens shall attach thereto

to the same extent and priority as such liens attached to the Assets prior to the Closing.

## RELIEF REQUESTED
## NECESSITY OF THE SALE

11. Both prior to and since the filing of this Chapter 7 case, the Trustee has evaluated the Estate and determined that a sale of the Debtor's Assets set forth herein is in the best interests of the Debtor's Estate and creditors. As such, the Trustee is confident that likely purchasers of the Assets are aware the Trustee is seeking to sell the Assets and that the Sale Procedures allowed for the maximum recovery to the Debtor's Estate and creditors. Moreover, the Trustee is in need of sufficient funds to appropriately auction the SELFEO Software Code for the benefit of the Debtor's Estate.

12. The Trustee has evaluated the terms, conditions, benefits and risks associated with the proposed APA, as well as the risks and benefits of other alternatives. The Trustee, in exercising sound business judgment, has concluded that a sale, as set forth in the APA, offers the most advantageous terms and greatest economic benefit to the Debtor's Estate. Accordingly, the Trustee believes that a prompt sale of the Assets pursuant to 11 U.S.C. § 363 and the terms of the APA is in the best interests of the Debtor, its creditors, and the Estate. With the funds expected to be realized from the sale set forth herein, the Trustee will have the means to sell the SELFEO Software Code through a subsequent sale to be approved by the Court.

13. In addition, the timing of the proposed sale is critical. It is important that the Debtor close on a sale as quickly as possible to generate funds necessary to conduct a sale of the SELFEO Software Code. In conjunction with the need to close this sale promptly, the Trustee requests that the Court waive the fourteen (14) day stay of order approving a sale, which would otherwise be required by Fed. R. Bankr. P. 6004(h).

14. The Trustee requests that the Sale Order provide that the Proposed Buyer has acquired the Assets in good faith. The Trustee will offer evidence of good faith at the Sale Hearing. The proposed bid and sale procedures ensured that the highest and best offer for the Purchased Assets was obtained via the Auction. No "special treatment" was afforded to any potential purchaser. Therefore, an order that the Proposed Buyer has acted in good faith within the meaning of 11 U.S.C. § 363(m) is appropriate.

15. The Trustee requests that the Sale Order provide that the sale is free and clear of any lien, claim, interest, right of setoff or recoupment, or encumbrance which is held by any party, with all such liens, claims, interests, right of setoff or recoupment, or encumbrance to attach to the proceeds in the same order of validity, priority and extent as they currently exist. The sale of the Assets is appropriately free and clear of all liens, claims, interests, rights of setoff or recoupment, or encumbrances pursuant to 11 U.S.C. § 363(f) as set forth below, and all asserted liens, claims interests, rights of setoff or recoupment, or encumbrances of any entity in and to the Assets will attach to the sale proceeds to the same validity, priority and extent as exist under applicable law pursuant to 11 U.S.C. § 363(e).

16. Upon the Closing contemplated by the APA, the Proposed Buyer will take title to and possession of the Assets, except as otherwise provided herein, in the APA or the Sale Order, free and clear of (except as expressly assumed): (a) any mortgages, security interests, liens or encumbrances of any kind, including any administrative expenses, priority claims asserted herein, claims of setoff and/or recoupment and any ownership claims for any arrangement which is intended as a financing (and not a true lease); (b) any demands or claims of creditors against the Debtor; and (c) any person claiming through, by or on behalf of the Debtor, whether such claim, demand, lien or interest be direct or indirect, known or unknown, or claiming that the buyer is a

successor or successor-in-interest or pursuant to any other theory.

## **THE PROPOSED SALE IS IN THE BEST INTERESTS OF THE DEBTOR'S ESTATE, CREDITORS, AND INTEREST HOLDERS**

### **A. The Standard**

17. Entry of the Sale Order approving the final sale of the Assets at the conclusion of the Sale Hearing is authorized and appropriate under the Bankruptcy Code. Section 363(b) of the Bankruptcy Code provides that "the trustee, after notice and a hearing, may use, sell, or lease other than in the ordinary course of business, property of the estate."

18. The Court's power to authorize a sale under 11 U.S.C. § 363(b) is to be exercised at its discretion, utilizing a flexible, case-by-case approach. *In re Baldwin United Corp.*, 43 B.R. 905 (Bankr. S.D. Ohio 1984). The key consideration is the Court's finding that a good business reason exists for the sale. *Stephens Industries, Inc. v. McClung*, 789 F.2d 386 (6th Cir. 1986).

> [T]here must be some articulated business justification for using, selling, or leasing the property outside the ordinary course of business….Whether the proffered business justification is sufficient depends on the case. As the Second Circuit held in *Lionel*, the bankruptcy judge should consider all salient factors pertaining to the proceeding and, accordingly, act to further the diverse interests of the debtor, creditors and equity holders, alike. He might, for example, look to such relevant factors as the proportionate value of the assets of the estate as a whole, the amount of elapsed time since the filing, the likelihood that a plan of reorganization will be proposed and confirmed in the near future, the effect of the proposed disposition on future plans of reorganization, the proceeds to be obtained from the disposition vis-a-vis any appraisals of the property, which of the alternatives of use, sale or lease the proposal envisions and, most importantly perhaps, whether the asset is increasing or decreasing in value. This list is not intended to be exclusive, but merely to provide guidance to the bankruptcy judge.

*Id.* at 389.

19. Sound business reason exists for selling the Purchased Assets. Namely, the maximum value for the Purchased Assets will be obtained by selling them through the APA. The

Trustee believes it will receive more value through the approval of this sale than through a piecemeal liquidation. Moreover, the Debtor's Estate does not have sufficient funds to pursue the claims and causes of actions to be conveyed to the Proposed Buyer.

20. The Sale and Bidding Procedures previously approved by the Court provided interested parties an opportunity to submit competing offers for the Purchased Assets, thus ensuring that the Sale has been effected through an arm's-length transaction. Accordingly, the Sale and Bidding Procedures have allowed the highest and best recovery of the Purchased Assets for the Debtor's Estate and creditors. The Trustee believes that the universe of parties likely interested in the Purchased Assets was comprised of those parties who were already actively involved in this litigation.

### B. The Proposed Sale Satisfies the Requirements of 11 U.S.C § 363(f)

21. Section 363(f) of the Bankruptcy Code authorizes the sale of property under 11 U.S.C. § 363(b) to be free and clear of interests in such property held by an entity if:

 (a) Applicable non-bankruptcy law permits a sale of such property free and clear of such interests;

 (b) Such entity consents;

 (c) Such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;

 (d) Such interest is in bona fide dispute; or

 (e) Such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

11 U.S.C. § 363(f).

22. A debtor need only satisfy one of the requirements set forth in 11 U.S.C. § 363(f) to justify approval of a sale free and clear of liens and interests. *Michigan Employment Security*

*Commission v. Wolverine Radio Co.,* 930 F.2d 1132, 1147 n. 24 (6th Cir. 1991). The Debtor believes that the Sale to the Proposed Buyer satisfies one or more of these conditions for each party with an interest in the Assets because it does not appear any entity claims an interest in the Purchased Assets.

### C. The Proposed Sale and Purchase Would Be in Good Faith

23. Section 363(m) of the Bankruptcy Code provides that:

> The reversal or modification on appeal of an authorization under [Bankruptcy Code Section 363(b) or (c)] of a sale or lease of property does not affect the validity of the sale or lease under such authorization to an entity that purchased or leased such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal.

11 U.S.C. § 363(m).

24. The terms of the APA were negotiated at arm's length, without collusion, and in good faith. Upon information and belief, the Proposed Buyer is not an insider of the Debtor.

25. Furthermore, the Proposed Buyer and the Trustee each were represented by separate experienced professionals, helping to ensure the sale process has been fair to date and will continue to be so, and that the APA was negotiated, proposed, and entered into by the Trustee and the Proposed Buyer without collusion, in good faith, and at arm's length.

### CONCLUSION

26. The Trustee submits that the sale of the Purchased Assets to the Proposed Buyer is appropriate and in the best interests of the Debtor, the Estate, and the creditors of the Debtor.

**WHEREFORE,** the Trustee respectfully requests that this Court: (i) authorize the Trustee to execute the Asset Purchase Agreement with the Proposed Buyer; (iii) at the conclusion of Sale Hearing, enter a Sale Order in substantially the form to be tendered prior to the hearing of this

Motion, granting the Trustee authority to sell the Assets to the Proposed Buyer whose offer was the highest and best bid and was accepted at the sale free and clear of all liens, claims, interests, rights of setoff recoupment, or encumbrances; and (iv) grant the Trustee such other and further relief as this Court deems just and appropriate under the circumstances.

## NOTICE

Notice is hereby given that the foregoing shall be brought on for hearing before the United States Bankruptcy Court for the Eastern District of Kentucky, 100 East Vine Street, Third Floor, Lexington, Kentucky, on December 20, 2019, at the hour of 11:00 a.m. (EST), or as soon thereafter as counsel may be heard.

Respectfully submitted,

STOLL KEENON OGDEN PLLC

/s/ Adam M. Back
Adam M. Back, KY Bar No. 91003
Jessica L. Middendorf, KY Bar No. 94740
300 West Vine Street, Suite 2100
Lexington, Kentucky 40507-1801
Phone: (859) 231-3000
adam.back@skofirm.com
jessica.middendorf@skofirm.com

COUNSEL FOR THE CHAPTER 7 TRUSTEE

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and accurate copy of the foregoing was (1) filed electronically via the Court's CM/ECF system and served upon all parties registered to receive notices of same; (2) served via electronic mail to all shareholders of the Debtor as set forth in the Debtor's corporate records; and (3) sent via U.S. Mail, postage prepaid, to all other creditors and parties in interest as listed on the attached Schedule 1, on the 18th day of December, 2019.

                                              /s/ Adam M. Back
                                              COUNSEL FOR THE CHAPTER 7 TRUSTEE

**Schedule 1**

Airsign, LLC
c/o Brian Modiano, CFO
12 NW 5th Place
Williston FL 32696

Alfred Colucci
937 Lawnton Terrance
Glenolden PA 19036

Amazon Web Services, Inc.
410 Terry Ave North
Seattle WA 98109-5210

ANC Sports Enterprises, LLC
2 Manhattenville Road, Ste 402
Purchase NY 10577

Anthony Mapolitano
5510 Merrick Road
Massapequa NY 11758

Arent Fox LLP
1717 K. Street, NW
Washington DC 20006

Armanino, LLP
P.O. Box 398285
San Francisco CA 94139

Balder IP Law
Paseo de la Castellana, 93
28046 Madrid Spain

Bank of America
P.O. Box 982238
El Paso TX 79998

Behalf
P.O. Box 1804
New York NY 10159

Boston Red Sox Baseball LP
c/o David S. Friedman, Esq.
4 Yawkey Way
Boston MA 02215

Brent Harris
3619 Peggy's Place
Tyler TX 75701

CBS 360 Digital
22985 Network Place
Chicago IL 60673

CBS Radio/Szabo Assoc/Entercom Comm.
3355 Lenox Road, 9th Floor
Atlanta GA 30326

CBS Television Licenses, LLC
c/o Rhett A. Frimet, PC
10 East 40th Street, 46th Floor
New York, NY 10016

Chuck Noska
5715 Hwy 85 N. PMB 1316
Crestview FL 32536

Cindy Meengs
1925 8th Avenue SW
Byron Center MI 49315

Claudio E. Iannitelli, Esq.
111 West Monroe St, 17th floor
Phoenix, AZ 85003

Daniel J. Cloherty
Collora LLP
100 High Street
Boston MA 02110-2321

David do Nascimento Advodagos
Av. Paulista,1294 16 Andar Cerqueira Cez
01310 915 Sao Paulo SP Brasil

David Lynn, Esq.
Law office of David Lynn
11500 W. Olympic Bl., Ste 400
Los Angeles CA 90064

Dawson Orr
50 N. Laura Street, Suite 1675
Jacksonville FL 32202

Dennemeyer & Co. LLC
2 North Riverside Plaza, Suite 1500
Chicago IL 60606

Dialpad, inc.
100 California Street, Ste 500
San Francisco CA 94111

Douglas K. Miller
4940 Lazio Way
Oak Park CA 91377

Eddie Huey
538 Grove Street
Montclair NJ 07043

Eric Neilsen, Esq.
100 2nd Avenue North, Suite 240
Saint Petersburg FL 33701

Everbank/TIAA
TIAA Commercial Finance
P.O. Box 911608
Denver CO 80291

Federal Express
3875 Airways, ModuleH3 Department 4634
Memphis TN 38116

Finn Partners
301 E. 57th Street
New York NY 10022

Grassi & Co.
50 Jeficho Quadrangle, Ste 200
Jericho NY 11753

Hartford Insurance
Worker's Compensation Policy
1251 Old Northern Blvd.
Roslyn NY 11576

Hewlett-Packard Financial Services Co.
200 Connell Drive
Suite 5000
Berkeley Heights, NJ 07922

IBM Credit
1 North Castle Drive
Armonk NY 10504

Internal Revenue Service
P.O. Box 7346
Philadelphia PA 19104-7346

Jacksonville Jaquars
c/o Gunster
225 Water Street, Suite 1750
Jacksonville FL 32202

James Massa
723 Central Avenue, Suite B
Lexington KY 40502

Jarrett Streiner
10400 NW 6th Stret
Fort Lauderdale FL 33324

Jim Smith
717 Ridge Pike
Lafayette Hill PA 19444

John C. Nimmer, Esq,
13703 South 14th Street
Bellevue NE 68123

John Price
325 Silvertree Lane
Redlands CA 92374

Judith Cooper
138 Sunset Drive
West Long Branch NJ 07764

Kollman & Saucier, P.A.
1823 York Rd The Business Law Blvd
Lutherville Timonium MD 21093

Lamar Advertising
c/o Rouch-Milliken International, Inc.
P.O. Box 8390
Metairie LA 70011

Lawrence Silver
1600 Oakmont Drive #3
Walnut Creek CA 94595

Lipton Weinbergr & Husick
201 N. Jackson Street, Ste 1
Media PA 19063

Locke Lord LLP
Broofield Place
2000 Vesey Street, 20th Floor
New York NY 10281

Los Angeles Dodgers
c/o Jerome M. Jackson, Esq.
880 Apollo Street, Suite 238
El Segundo CA 90245

Luzzatto & Luzzatto
P.O. Box 5352
Beer Sheva 8415202 Israel

Lyft
548 Market Street, Sute 68514
San Francisco CA 94104

Mark E. Fraze, Esq.
Legal Department IBM
425 Market Street, 21st Floor
San Francisco, CA 94105

Martec International (TOGO)
529 Dowd Avenue
Essex Fells NJ 07021

Mathews Giberson, LLP
200 S. Andrews Avenue, Suite 800
Fort Lauderdale FL 33301

Maxium Media & PR
211-164 Sandalwood Pkwy Easts
Dept #1064
Brampton, ON L6Z4X1

Meedmob, Inc.
31 St James Avenue
Boston MA 02116

Mercantile Adjustment Bureau, LLC
P.O. Box 9055
Williamsville, NY 14231-9055

Microsoft Azure
One Microsoft Way
Redmond WA 98052

Milton Langer
8975 W. Golf Road
Niles IL 60714

Mitchell D. Goldberg, Esq.
60 East 42nd Street, Ste 4600
New York NY 10165

Morvillo Abramowitz Grand Iason & Anello
565 Fifth Avenue
New York NY 10017

MSCCM Commercial Credit
333 W. Hampden Avenue, Ste 820
Englewood CO 80110

N.J. Division of Taxation
Bankruptcy Section
P.O. Box 245
Trenton NJ 08695-0245

NEP
c/o of OCH & Goldber, LLP
60 East 42nd Street, Suite 4600
New York NY 10165

New York State Department of Labor
c/o Marianna DeCrescenzo,Esq.
75 Varick Street, 7th Floor
New York NY 10013

New York State Department of Taxation
and Finance
Bankruptcy Section
P.O. Box 5300
Albany NY 12205-0300

Optimum from 1979 New Hyde Park
1111 Stewart Avenue
Bethpage NY 11714-3581

Outfront Media, Inc.
405 Lexington Avenue
New York NY 10174

Perficient, Inc.
ATTN: Jeffrey Myska
555 Maryville University Drive, Ste 500
Saint Louis MO 63141

Perficient, Inc.
ATTN: Jeffrey Myska
P.O. Box 207094
Dallas TX 75320

Phillips, Cantor & Shalek, PA
4000 Hollywood Blvd, Suite 500 North
Hollywood FL 33021

Professional Specialty Publications, LLC
d/b/a National Event Publication
ATTN: Chief Financial Officer
570 Elmont Road
Elmont NY 11003

Purdy Lucy
6-7 Harcourt Terrance
Dublin 2
DO2 FH73

Robert Morello
109 Presidential Drive
Horseheads NY 14845

Rosenblatt, Levittan, Vulpis, Goetz & Co.
1700 Jericho Turnpike
New Hyde Park, NY 11040

Sallah Astarita & Cox LLC
James D. Sallah, Esq.
3010 N. Military Trail, #210
Boca Raton FL 33431

Scott A. Birnbaum, Esq.
Birnbaum & Godkin, LLP
280 Summer Street
Boston MA 02210

Scott Lloyd
19102 Oakboard Road
Tyler TX 75703

Serge Abend
2515 South Court
Palo Alto CA 94301

Sheppard Mullin Law Firm
333 South Hope Street
Harbor City CA 90710

Skiermont Derby LLP
1601 Elm Street, Ste 4400
Dallas TX 75201

South by Southwest (SXSW)
28 Main Street, Suite 1800
Rochester NY 14614

Spoor Fisher
11 Byls Bridge Blvd, Bldg. 14
Highveld ext 73
Centurion, 0157 Pretoria South Africa

Spruson & Ferguson Pty Limited
PTY GPO Box 3898
Sydney NSW 2001 Australia

Staples
1111 S. Figueroa Street
Los Angeles CA 90015

State Point Media, Inc.
183 Madison Avenue, Ste 605
New York NY 10016

Steven B. Sprechman, Esq.
Law Offices of Sprechman & Fisher PA
2775 Sunny Isles Blvd, Ste 100
North Miami Beach FL 33160-4007

Steven Pulisic
369 Central Avenue
Deer Park NY 11729

Sweet & Walker PC
2380 Junipero Serra Blvd. Ste B
Daly City CA 94015

The Rose Group, LLC
Attn: Steven Rose
1594 Long Ridge Road
Stamford CT 06903

TIAA Commercial Finance, Inc.
10 Waterview Blvd
Parsippany, NJ 07054

Uber
1455 Market Street
San Francisco CA 94103

Uhthoff, Gomez, Vega
Los Angeles Lockbox
File # 50095
Los Angeles CA 90074

United Trademark & Patent Services
Sutie 401-401, Al Hawai Tower
Sheikh Zayed, P.O. Box 72430
Dubai, United Arab Emirates

UPS
P.O, Box 7247-0244
Philadelphia PA 19170-0001

Van Wagner Aerial Media
2380 Juniperor, Suite B
Daly City CA 94015-1645

Verizon
P.O. Box 408
Newark NJ 07101-0408

VStock
18 LaFayette Place
Woodmere NY 11598

WBZ TV
1170 Soldiers Field Road
Allston, MA 02134

Wells Fargo SBL
P.O. Box 29482
Phoenix AZ 85038

WeWork HQ.
115 W. 18th Street
New York NY 10011

Windstream Enterprises
P.O. Box 70268
Philadelphia PA 19176-0268

Yus Loc
Patent Attorney
d6 Prospekt Mira

Moscow 129090 Russia

123717.164814/8100338.1