UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

| | |
|---|---|
| In re: ) | |
| ) | Case No. 19-51291 |
| Giga Entertainment Media, Inc. ) | |
| ) | Chapter 7 |
| Debtor ) | |

**EQUITY SECURITY HOLDERS' SUBMISSION IN SUPPORT OF THE SALE OF ASSETS AND IN RESPONSE TO THE OBJECTIONS OF GLB2019**

Creditors, parties in interest, and shareholders, David Shutvet, Riva Wilkins, Gary Nerlinger, Patricia Gilchrist, Lyle Gillman, Bob Barnard, Arthur Mellon and William Freeman (the "Equity Security Holders"), make this submission (a) in Support of the Trustee's Motion for Order Authorizing Sale of Assets (ECF No. 122); and (b) in Response to the Objection filed by GLB2019 (ECF No. 123). The Equity Security Holders were the winning bidders at an auction held by the Chapter 7 Trustee on December 17, 2019 with a bid of $76,000.

1. As a threshold matter, annexed hereto as Exhibit A is a copy of the revised Asset Purchase Agreement (the "APA") reflecting the new sale price of $76,000. The APA as annexed has been jointly executed by all of the Equity Security Holders.

2. Much of GLB2019's objection to the sale revolves around a contention that the Equity Security Holders are not credit worthy for the transaction and did not establish themselves as financially able to the Chapter 7 Trustee prior to the auction. Neither of these contentions are accurate.

3. As a threshold matter, my law firm has funds from the Equity Security Holders in the amount of $77,500, an amount in excess of the winning bid amount, with additional funds still

being received into our attorney escrow account. The Equity Security Holders have adequate funds to make payment to pay for the winning bid upon the Court's approval of Sale of Assets and have already authorized by firm to issue payment to the Chapter 7 Trustee's escrow account with these funds.

4. The objections by GLB2019 that the Equity Security Holders failed to meet the requirements of the Order Establish Bidding Procedures (ECF No. 115) (the "Order") is misplaced. The Equity Security Holders were qualified by the Chapter 7 Trustee as a Competing Bidder. Paragraph 5 of the Order provides that anyone who complies with the requirements to become a Competing Bidder to the "**satisfaction of the Trustee**" shall be deemed a Competing Bidder.

5. On Monday, December 16th, the Equity Security Holders submitted a signed APA to the Chapter 7 Trustee with a bid of $26,000. My law firm additionally confirmed to the Chapter 7 Trustee that we had funds in our escrow account to meet this bid price and that each of the members of the Equity Security Holders were jointly obligated to make payment of any bid submitted. A copy of my email of Monday, December 16, 2019 annexing the executed APA and informing the Chapter 7 Trustee of the funds in escrow is annexed hereto as Exhibit B. Prior to this time, I had also had conversations with Adam Back, the Chapter 7 Trustee's counsel to inquire whether any additional information, including financial information, was required by the Trustee prior the Auction process. I was informed that Mr. Back would let me know if any additional information was needed prior to the auction. My December 16th email again inquired whether "any additional information" was needed "in advance of tomorrow's auction."

6. Later in the day on Monday, December 16th, when I had not received a response to my first email, I sent a follow-up email stating:

> Dear Adam:
>
> I am writing to confirm (a) that you have received all necessary information from my clients to participate in tomorrow's auction; and (b) to confirm that the auction will be conducted at 9 A.M. in the Courthouse . . . If either of these is inaccurate or has changed, please notify me immediately.

Later that day, I had calls with Mr. Back confirming no additional information was needed. A copy of my second email is annexed hereto as Exhibit C. To the extent requested, my office was prepared to submit any additional financial information that the Trustee might request. None was requested and the Chapter 7 Trustee was satisfied.

7. It should also be noted that the Chapter 7 Trustee was aware that my clients were significant investors in the Debtor and had already invested significant legal fees in connection with this litigation. The trustee was also aware that my clients would be jointly liable for the winning bid amount and the APA obligations and that the additional money for the auction would be split 8 ways between them meaning that each would only need to provide a few additional thousand dollars should the auction price not become excessive.

8. Contrary to GLB2019's contentions, the Trustee had the discretion to decide what level of financial ability needed to be shown by the Competing Bidders. In fact, paragraph 9 of the Order expressly states that at the Auction itself: "Subsequent bids shall be at least $1,000 more than the prior highest bid, and Competing Bidders shall provide proof of financial ability to pay a subsequent bid in full **upon request of Trustee**." (emphasis added)

9. While I do not have the transcript from the auction (one was made), I can specifically tell the Court that during the midst of auction itself, GLB2019's counsel inquired whether the Trustee was going to require the Equity Security Holders to provide additional proof of financial ability to continue with the bidding. After a discussion, the Chapter 7 Trustee responded that at the level of the bidding, he was satisfied that the Equity Security Holders had

3

adequate financial ability based upon among other things, that they had already put $26,000 in escrow and that they had already expended substantial resources and attorneys' fees in this bankruptcy proceeding.

10. No further showing was required from the Equity Security Holders during the auction process. As the Court can see, the auction bidders have deposited in excess of the full amount of the winning bid with my firm to pay upon approval by the Court. We have already received the Chapter 7 Trustee's wire instructions and have already notified the Chapter 7 Trustee that my office will effect payment of funds after Court approval and no later than Monday, December 23rd the business day after the Court's hearing.

11. What is ironic is that James Massa, the Managing Member of GLB2019, already had extensive knowledge of the financial abilities of the Equity Security Holders who collectively own more than 2 million shares of Giga Entertainment Media common stock. Several of the members of the Equity Security Holders invested in the Private Placement that was conducted by the Company. As Mr. Massa is aware, in order to participate in the private placement, the investors were required to certify under the securities laws that they were accredited investors with an annual net worth in excess of $1 million (exclusive of their residence) or an annual income in excess of $200,000 for at least 2 consecutive years.

12. As a final matter, without any legal support, GLB2019 also frivolously asserts that the Equity Security Holders are not "Good Faith Purchasers." In this regard, GLB2019 points to a prior SEC decision against Gary Nerlinger – 1 of 8 people in the bidding group.

13. As this Court is intimately aware, in the Sixth Circuit, "courts have adopted the "traditional equitable definition of a 'good faith purchaser,' defined as one who purchases the assets for value, in good faith, and without notice of adverse claims." *In re Made in Detroit*, 414

F.3d 576, 581 (6th Cir. 2005) citing *In re Rock Indus. Mach. Corp.*, 572 F.2d 1195, 1197 (7th Cir. 1978) (internal quotes omitted).  GLB2019 has failed to put forth any facts to show that the bidders do not satisfy this standard or why the SEC Order has any bearing on the status of the bidder as a "good faith purchaser."

14. Mr. Nerlinger's SEC Order has no bearing on the purchase of the assets in this sale from a Chapter 7 Debtor.  Moreover, the other 7 members of the bidding group, who are all jointly purchasing the assets, are not subject of the SEC Order – even to the extent it was otherwise relevant.

Dated: New York, New York
December 19, 2019

Respectfully submitted,

PAYKIN KRIEG & ADAMS LLP

　　　*/s/ David A. Schrader*　　
David A. Schrader
Admitted Pro Hac
10 Grand Central
155 East 44th Street, 6th Fl.
New York, New York
dschrader@pka-law.com
Phone 347-879-2345
Fax 212 208-2646

*Counsel for Equity Security Holders*

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 19, 2019, I electronically filed the foregoing submission in support of the Motion to Sell Assets and in Response to the Objection of GLB2019 with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to all parties registered to receive such notice.

                                                            */s/ David A. Schrader*
                                                         *Counsel for Equity Security Holders*