UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

IN RE:

GIGA ENTERTAINMENT MEDIA, INC.

DEBTOR

CASE NO. 19-51291
CHAPTER 7

**ORDER AUTHORIZING SALE OF ASSETS PURSUANT TO 11 U.S.C. § 363**

Upon the motion of James D. Lyon, as Trustee ("Trustee") of the Bankruptcy Estate of Giga Entertainment Media, Inc. ("Debtor") for entry of an order Authorizing Sale of Assets pursuant to 11 U.S.C. § 363 (the "Sale Motion") [D.N. 122], and it appearing that proper notice of the Sale Motion was given, and the Court having reviewed the record, having conducted a hearing on the Sale Motion on December 20, 2019, having overruled all objections to the Sale Motion and being otherwise sufficiently advised, the Court has determined to grant the relief requested by the Sale Motion.

THE COURT HEREBY FINDS AND DETERMINES as follows:

A.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334;

B.     This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) (A), (N) and (O);

C.     Notice of the Sale Motion as described in the Sale Motion is sufficient and proper under the circumstances;

D.     The Trustee, in the exercise of his judgment, has determined in good faith and after a careful consideration of all alternatives that the sale of the Purchased Assets, as defined in the APA, to the group of individuals comprised of David Shutvet, Riva Wilkins, Gary Nerlinger, Patricia Gilchrist, Lyle Gillman, Bob Barnard, Arthur Mellon and William Freeman, jointly and

severally (collectively, the Proposed Buyer) is in the best interest of the Estate and the Debtor's creditors.

E. The sale of the Purchased Assets[1] free and clear of any lien, claim, interest, right of recoupment or setoff, or encumbrance, with such liens, claims, interests, rights of recoupment or setoff, or encumbrances to attach to the proceeds in the same order of validity, priority and extent as they currently exist pursuant to 11 U.S.C. § 363(f), is a necessary condition to the sale as a Proposed Buyer of the Purchased Assets is not expected to be willing to consummate a sale subject to existing liens, claims, interests, rights of recoupment or setoff, or encumbrances.

F. The Sale Motion has provided sufficient support of law and fact to approve the sale of the Purchased Assets pursuant to 11 U.S.C. § 363.

G. The Auction process was an arms-length bargaining process conducted by the Trustee without any collusion and in good faith within the meaning of 11 U.S.C. § 363(m). Similarly, the resulting APA was negotiated, proposed, and will be entered into by the Trustee and the Proposed Buyer from arms-length bargaining positions, without collusion and in good faith within the meaning of 11 U.S.C. § 363(m).

Based on the foregoing findings and the representations and evidence offered at a hearing on the Sale Motion, IT IS HEREBY ORDERED as follows:

1. The Sale Motion is GRANTED and approved (to the extent consistent with the terms of this Order). Any objections to the relief granted in this Order have been withdrawn or are hereby OVERRULED. The Trustee is authorized to effectuate the sale of the Purchased Assets to the Proposed Buyer pursuant to the APA and as outlined herein.

---

[1] All terms not otherwise defined herein shall have the meanings given to them in the Sale Motion.

2. The terms of the proposed APA are approved and incorporated as if set forth herein. The Trustee is hereby authorized to execute the APA or a substantially similar APA contemporaneously with its execution by the Proposed Buyer.

3. The Proposed Buyer's Successful Bid at the Auction was the highest and best bid received by the Trustee for the Purchased Assets.

4. The Proposed Buyer has acquired the Purchased Assets in good faith. The bidding and sale procedures previously authorized by this Court [*see* D.N. 115] ensured that the highest and best offer for the Purchased Assets was obtained via the Auction. No "special treatment" was afforded to any potential purchaser, and, accordingly, the Proposed Buyer is entitled to all of the protections afforded by 11 U.S.C. § 363(m).

5. The Trustee shall cause payment of the $5,000 break-up fee (the "Break Up Fee") previously authorized and approved by this Court [*see* D.N. 88, 94, 115] to be made to GLB2019, LLC, within seven (7) days of the Trustee's receipt of remaining funds from the Proposed Buyer.

6. The Trustee's sale of the Purchased Assets to the Proposed Buyer in accordance with the terms of the APA is the sale is free and clear of any lien, claim, interest, right of setoff or recoupment, or encumbrance which is held by any party, with all such liens, claims, interests, right of setoff or recoupment, or encumbrance to attach to the sale proceeds in the same order of validity, priority and extent as they currently exist.

7. Upon the Closing contemplated by the APA, the Proposed Buyer will take title to and possession of the Purchased Assets, except as otherwise provided herein or in the APA, free and clear of (except as expressly assumed): (a) any mortgages, security interests, liens or encumbrances of any kind, including any administrative expenses, priority claims asserted herein, claims of setoff and/or recoupment and any ownership claims for any arrangement which is

intended as a financing (and not a true lease); (b) any demands or claims of creditors against the Debtor; and (c) any person claiming through, by or on behalf of the Debtor, whether such claim, demand, lien or interest be direct or indirect, known or unknown, or claiming that the buyer is a successor or successor-in-interest or pursuant to any other theory.

8.  The Trustee shall cause a copy of this Order to be served upon all entities which have received due diligence materials and shall maintain a list of all such entities, to be provided to the Court upon request.

9.  Notwithstanding Fed. R. Bankr. P. 6004 and 9014, or otherwise, the terms and conditions of this Order shall be effective immediately and enforceable immediately upon entry.

Tendered by:

STOLL KEENON OGDEN PLLC

/s/ Adam M. Back
Adam M. Back, KY Bar No. 91003
Jessica L. Middendorf, KY Bar No. 94740
300 West Vine Street, Suite 2100
Lexington, Kentucky 40507-1801
Phone: (859) 231-3000
adam.back@skofirm.com
jessica.middendorf@skofirm.com

COUNSEL FOR THE CHAPTER 7 TRUSTEE

123717.164814/8100404.2

___

**The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.**



**Signed By:**
*Tracey N. Wise*
**Bankruptcy Judge**
**Dated: Friday, December 20, 2019**
**(tnw)**